```
             IN THE UNITED STATES DISTRICT COURT
            FOR THE WESTERN DISTRICT OF TENNESSEE
                       WESTERN DIVISION
```
_____

SHANE CHAPMAN,                        )
                                      )
    Plaintiff,                        )
                                      )
v.                                    )
                                      )       No. 05-2332 Ma/V
MICHAEL WILSON and CURTIS RAY YOUNG,  )
                                      )
    Defendants.                       )
                                      )
_____

**ORDER DENYING PLAINTIFF'S MOTION TO STRIKE AND ORDER TO SHOW CAUSE**
_____

Before the court is Plaintiff Shane Chapman's ("Chapman") Motion to Strike Defendants' Motion for Summary Judgment and Exhibits to Answer, filed on September 14, 2005. Defendants Michael Wilson ("Wilson") and Curtis Ray Young ("Young") responded on September 26, 2005. Chapman filed a reply on October 6, 2005. For the following reasons, Chapman's motion is DENIED and Chapman is ordered to show cause within eleven (11) days from the date of this order as to why Defendants' motion for summary judgment should not be granted.

Chapman asserts that Defendants' motion for summary judgment should be stricken because Defendants, in filing their motion, did not adhere to all of the local rules of procedure. Specifically, Defendants did not file a supporting memorandum or

1

include in the motion a brief statement of its bases. Defendants have, however, now filed a supporting memorandum, and the motion for summary judgment includes the statement,

> Defendants aver that there is no genuine issue as to any material fact and they are entitled to judgment as a matter of law because all of the issues being raised in this proceeding were fully adjudicated in the state court action or the opportunity existed for plaintiff to do so and he failed to avail himself of that opportunity.

(Defs.' Mot. Summ. J. 1.) Although the motion does not specifically state that it seeks summary judgment on the grounds of res judicata or collateral estoppel, this statement sufficiently sets forth the bases of the motion. Defendants' Memorandum in Support of Summary Judgment also states explicitly that the motion is brought on the grounds of res judicata and/or collateral estoppel. (Defs.' Mem. Supp. Summ. J. 1.)

That Defendants did not attach a serially-numbered list of the material facts on which they relied in their motion as required by Local Rule 7.2(d)(2) is also not sufficient grounds for the court to grant Chapman's motion to strike. Failure to adhere to this rule alone is not grounds to deny Defendants' motion. See Choate v. Tubbs, 2003 WL 1848177, at *1 n.1 (W.D. Tenn. Apr. 4, 2003) ("However, the rule does not state that failure to comply with that provision alone is grounds for denial of the motion."). Therefore, it cannot provide sufficient grounds to strike the motion. "A motion to strike is generally

disfavored, because it is such a 'drastic remedy.'" <u>Bouchard v. American Home Products Corp.</u>, 2002 WL 32597993, at *1 (N.D. Ohio July 8, 2002).

Finally, Chapman asserts that the motion should be striken because neither side has received initial disclosures under Fed. R. Civ. P. 26 and Chapman has not had the opportunity to depose Wilson or Young. Although it is generally true that a court will allow discovery to be completed before ruling on a motion for summary judgment, the motion may be made by the defending party at any time. Fed. R. Civ. P. 56(b). The court may then deny the motion or order a continuance if the non-movant shows that additional discovery is necessary to gather sufficient facts to support a response in opposition. Fed. R. Civ. P. 56(f).

Because this motion seeks summary judgment on the grounds of res judicata and/or collateral estoppel, rather than on the merits, Chapman has not presented sufficient evidence to show that additional discovery is necessary to respond to Defendants' motion. Therefore, Chapman's motion to strike Defendants' motion for summary judgment is denied, and Chapman is ordered to show cause within eleven (11) days from the date of this order as to why Defendants' motion for summary judgment should not be granted.

In addition to seeking to have Defendants' motion for summary judgment stricken, Chapman requests that the court strike

3

"all the so-called exhibits to the answer" because "[t]here is no provision in law which allows such filing in a federal Court." (Pl.'s Mot. 2.) Fed. R. Civ. P. 10(c), however, states, "A copy of any written instrument which is an exhibit to a pleading is a part thereof for all purposes." Therefore, the court can find no basis for Chapman's assertion that a party cannot file exhibits to an answer. Furthermore, under Fed. R. Civ. P. 12(f), a court may strike from a pleading "any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Chapman has not shown, and the court does not find, that the exhibits to the answer fall into any of these categories. Chapman's motion to strike the exhibits to Defendants' answer is denied.

For the foregoing reasons, Plaintiff Shane Chapman's Motion to Strike Defendants' Motion for Summary Judgment and Exhibits to Answer is DENIED and Chapman is ordered to show cause within eleven (11) days from the date of this order as to why Defendants' motion for summary judgment should not be granted.

So ordered this 28th day of March 2006.

s/Samuel H. Mays, Jr.
SAMUEL H. MAYS, JR.
UNITED STATES DISTRICT JUDGE