```
             IN THE UNITED STATES DISTRICT COURT
           FOR THE WESTERN DISTRICT OF TENNESSEE
                      WESTERN DIVISION
```
_____

```
SHANE CHAPMAN,                        )
                                      )
     Plaintiff,                       )
                                      )
v.                                    )
                                      )     No. 05-2332 Ma/V
MICHAEL WILSON and CURTIS RAY YOUNG,  )
                                      )
     Defendants.                      )
                                      )
```
_____

**ORDER DENYING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**
_____

Plaintiff Shane Chapman ("Chapman") brings this action, alleging fraud, deceit, and conspiracy, invoking the court's diversity jurisdiction. Before the court is Defendants Michael Wilson ("Wilson") and Curtis Ray Young's ("Young") Motion for Summary Judgment, filed on September 2, 2005. Chapman responded on April 4, 2006. For the following reasons, Defendants' motion is DENIED.

**I. Background**

Chapman had a retail automobile sales business in Memphis, Tennessee. As part of his business, he purchased automobiles from Young for resale. (Compl. ¶ 7.) Because Chapman considered the titles to some of the automobiles Young sold him to be defective, Chapman refused to pay for those automobiles. (Id. ¶ 8.) Young then filed suit against Chapman in the Chancery Court of Shelby

County, Tennessee, alleging breach of contract based on Chapman's failure to pay. (Id. ¶ 9.) The case caption for the suit listed the plaintiff as "MIKE WILSON d/b/a M & M AUTO SALES, for the use and benefit of Curt Young." (Defs.' Mot. Ex. A.[1]) On January 30, 2003, after a bench trial, the Chancery Court awarded judgment in the amount of $72,345.00 to Mike Wilson despite Chapman's objection that Wilson was not a party to the suit. (Compl. ¶ 10.) On July 3, 2004, the Court of Appeals of Tennessee at Jackson affirmed the decision of the trial court. (Id. ¶ 11.) The Tennessee Supreme Court denied Chapman's application for permission to appeal on December 6, 2004. (Id. ¶ 12.)

After the Chancery Court had awarded judgment for Wilson, Chapman hired a private detective to investigate the relationship between Wilson and Young. (Id. ¶ 18.) According to Chapman, the investigator's findings led him to believe that Young was not an agent of Wilson, as Young had asserted at trial, but that Young was posing as Wilson's agent because Young did not have a business license. (Id. ¶ 17.) Chapman also allegedly came to believe that Wilson conspired with Young to advance the alleged fraud. (Id. ¶ 18.) On May 4, 2005, Chapman filed this lawsuit, alleging fraud, deceit, and conspiracy under Tennessee law.

---

[1] The exhibits to Defendants' motion are not labeled. The court will consider the first exhibit, the transcript of the Chancery Court proceedings, to be Exhibit A.

**II. Jurisdiction, Venue, and Applicable Law**

Chapman is a resident of Mississippi. Wilson is a resident of Arkansas. Young is a resident of Missouri. Because the amount in controversy exceeds $75,000, the court has diversity jurisdiction under 28 U.S.C. § 1332. Because the events giving rise to the claim occurred in Shelby County, Tennessee, the court is an appropriate venue under 28 U.S.C. § 1391(a)(2).

As a diversity action, the substantive law governing this case is state rather than federal law. Erie R.R. Co. v. Tompkins, 304 U.S. 64 (1938). A federal district court is required to apply the "choice of law" rules of the state in which it sits. Klaxon Co. v. Stentor Elec. Mfg. Co., 313 U.S. 487, 496 (1941); Cole v. Mileti, 133 F.3d 433, 437 (6th Cir. 1998). "Otherwise the accident of diversity of citizenship would constantly disturb equal administration of justice in coordinate state and federal courts sitting side by side." Klaxon, 313 U.S. at 496. Therefore, this court must apply the Tennessee rule to determine which jurisdiction's law to apply.

In tort cases, the Tennessee rule is the "most significant relationship" approach set forth in the Restatement (Second) of Conflict of Laws. Hataway v. McKinley, 830 S.W.2d 53, 59 (Tenn. 1992).

> Contacts to be taken into account...to determine the law applicable to an issue include:
> (a) the place where the injury occurred,
> (b) the place where the conduct causing the injury

3

> occurred,
>
> (c) the domicile, residence, nationality, place of incorporation and place of business of the parties, and
>
> (d) the place where the relationship, if any, between the parties is centered.
>
> These contacts are to be evaluated according to their relative importance with respect to the particular issue.

Id. (quoting Restatement (Second) of Conflict of Laws § 145(2)). Although none of the parties is a resident of Tennessee, their relationship is centered in Memphis, the location of Chapman's former business. Furthermore, the breach of contract case, which gave rise to the claims in this case, was tried in Tennessee under Tennessee law. Therefore, the court will apply Tennessee substantive law in this case.

**III. Standard for Summary Judgment**

The party moving for summary judgment "bears the burden of clearly and convincingly establishing the nonexistence of any genuine issue of material fact, and the evidence as well as all inferences drawn therefrom must be read in a light most favorable to the party opposing the motion." Kochins v. Linden-Alimak, Inc., 799 F.2d 1128, 1133 (6th Cir. 1986). The moving party can meet this burden by pointing out to the court that the respondents, having had sufficient opportunity for discovery, have no evidence to support an essential element of their case. See Street v. J.C. Bradford & Co., 886 F.2d 1472, 1479 (6th Cir. 1989).

When confronted with a properly supported motion for summary judgment, the nonmoving party must set forth specific facts showing that there is a genuine issue for trial. A genuine issue for trial exists if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). The party opposing the motion must "do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). The nonmoving party may not oppose a properly supported summary judgment motion by mere reliance on the pleadings. See Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986). Instead, the nonmoving party must present "concrete evidence supporting its claims." Cloverdale Equip. Co. v. Simon Aerials, Inc., 869 F.2d 934, 937 (6th Cir. 1989). The district court does not have the duty to search the record for such evidence. See InterRoyal Corp. v. Sponseller, 889 F.2d 108, 110-11 (6th Cir. 1989). Nonmovants have the duty to point out specific evidence in the record that would be sufficient to justify a jury decision in their favor. See id.

**IV. Analysis**

Defendants assert that this court should grant summary judgment in their favor under the doctrine of res judicata. "Res judicata provides that federal courts must give state court

judgments the same effect the rendering state court would give them." <u>Hutcherson v. Lauderdale County, Tenn.</u>, 326 F.3d 747, 755 (6th Cir. 2003). "The doctrine of res judicata bars a second suit between the same parties or their privies on the same cause of action with respect to all issues which were or could have been litigated in the former suit." <u>Massengill v. Scott</u>, 738 S.W. 2d 629, 631 (Tenn. 1987).

Although this case is between the same parties as the case in the state court, Chapman's claims are based on his allegations that Wilson and Young obtained the state court judgment through extrinsic fraud, which could not have been litigated in the former suit. There is also a genuine issue about whether Chapman had the facts necessary to contest Young's contention that he was an agent of Wilson and M & M Auto Sales in the state court suit.

To the extent that Chapman seeks to relitigate issues already determined in the state court suit, however, he is barred by the doctrine of collateral estoppel. <u>Id.</u> at 631. Although the claims set forth in the complaint are limited to fraud, deceit, and conspiracy to defraud, all claims arising out of the state court proceedings, the complaint also includes allegations that Chapman did not pay for the automobiles Young provided because they had defective titles and that the plaintiff in the state case was a trust and not the real party in interest. (Compl. ¶¶ 8, 23, 25.) These latter allegations are not essential to Chapman's claim of extrinsic fraud, however, and their being

barred by the doctrine of collateral estoppel does not affect the court's decision on Defendants' defense of res judicata.

The court is also not prevented from hearing this case under the Rooker-Feldman doctrine, which "provides that inferior federal courts lack jurisdiction to review the final judgments of state courts." Hutcherson, 326 F.3d at 755. "A federal court 'may entertain a collateral attack on a state court judgment which is alleged to have been procured through fraud, deception, accident, or mistake....'" In re Sun Valley Foods Co., 801 F.2d 186, 189 (6th Cir. 1986) (quoting Resolute Ins. Co. v. North Carolina, 397 F.2d 586, 589 (4th Cir. 1968)). Although "the proper forum in which to assert that a party has perpetrated a 'fraud on the court' is the court which allegedly was a victim of that fraud," Weisman v. Charles E. Smith Mgmt., Inc., 829 F.2d 511, 513 (4th Cir. 1987), Chapman alleges only extrinsic fraud, not fraud on the court.

Because there is a genuine issue about Defendants' defense of res judicata, Defendants' Motion for Summary Judgment is denied.

**V. Conclusion**

Defendants Michael Wilson and Curtis Ray Young's Motion for Summary Judgment on their defense of res judicata is DENIED.

So ordered this 4th day of May 2006.

s/Samuel H. Mays, Jr.
SAMUEL H. MAYS, JR.
UNITED STATES DISTRICT JUDGE